UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JIMMY GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:17-CV-00167 |
| | ) |
| FELL LAWN CARE LLC | ) |
| and BENJAMIN J. FELL | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. Plaintiff, Jimmy Griffin ("Griffin"), by counsel, brings this action against Defendants Fell Lawn Care LLC ("FLC") and Benjamin J. Fell ("Fell") (together "Defendants"), for failure to pay overtime in violation of 29 U.S.C. §207, *et. seq.*, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

## PARTIES

2. Griffin is an individual who resides in Parke County, Indiana. Defendants employed Griffin within the three-year period preceding the filing of this Complaint. Griffin was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. FLC is an Indiana limited liability company doing business in Terre Haute Indiana. FLC acted, directly or indirectly, in the interest of an employer with respect to Griffin. FLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4. Fell is a member, officer and/or owner of FLC. Fell exercised operational control over FLC; controlled significant business functions of FLC; and acted on behalf

of and in the interest of FLC in devising, directing, implementing, and supervising the wage and hour practices and policies challenged in this Complaint. Fell is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

5. This Court has jurisdiction over Defendants because Fell has asserted claims arising under federal law.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391. Venue is appropriate in the Southern District of Indiana because the wage and hour violations at issue in this case occurred in this District.

## COVERAGE

7. At all times hereinafter mentioned, Griffin was engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 207.

8. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

9. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

**FACTS**

10. Defendants employed Griffin as a laborer from approximately June 2015 to February 7, 2017.

11. During his employment, Defendants paid Griffin a base hourly rate of pay for each hour he worked.

12. Griffin regularly worked in excess of forty (40) hours per week ("overtime hours"), but was not compensated for all overtime hours at the rate required by the FLSA because he was paid his regular rate of pay for all hours worked.

13. Defendants knew that Griffin regularly worked overtime hours.

14. Defendants' conduct in not paying Griffin overtime compensation was willful and in bad faith.

**COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

15. Griffin hereby incorporates by reference paragraphs 1-14 of his Complaint.

16. During the relevant time period, Defendants have violated the provisions of Section 7 of the FLSA, 29 U.S.C. § 207 by employing Griffin for workweeks longer than forty hours without compensating Griffin for his employment in excess of forty hours per week at a rate not less than one and one-half the regular rate of pay for which he was employed. Defendants have acted willfully, or with reckless disregard, in failing to pay Griffin in accordance with the law.

**PRAYER FOR RELIEF**

WHEREFORE, Griffin demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime due to Griffin and for liquidated damages in an amount equal to the unpaid compensation found due to Griffin;

b. An Order awarding Griffin his attorneys' fees and costs of this action; and

c. An Order granting such other and further relief as may be necessary and appropriate.

s/ Robert J. Hunt
Robert J. Hunt (#30686-49)

s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)

GIBBONS LEGAL GROUP, P.C.
3091 E 98th St, Suite 280
Indianapolis, Indiana 46280
Telephone: (317) 706-1100
Facsimile: (317) 623-8503
E-Mail: phil@gibbonslegalgroup.com
　　　　　rob@gibbonslegalgroup.com

Attorneys for Plaintiff